IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY CARMONA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-3922 |
| | § | |
| STEVEN FORREST AND FREER | § | |
| TRUCKING, INC. | § | |
| | § | |
| *Defendants*. | § | |

**PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

I. **PRELIMINARY INSTRUCTIONS**

**Defendant's Proposed Instruction No. 1:**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off. There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror. Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 1.1 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendant's Proposed Instruction No. 2:**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Black- berry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any is- sue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these

interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 1.2 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendant's Proposed Instruction No. 3**

   We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 2.1 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

              _____
                U.S. DISTRICT JUDGE

## II. CHARGE TO THE JURY

## Defendants' Proposed Instruction No. 4

**MEMBERS OF THE JURY:**[1]

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 3.1 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

---

[1] PATTERN JURY INSTRUCTIONS (CIVIL CASES), §§ 3.1-7 (2020)

**<u>Defendants' Proposed Instruction No. 5</u>** (Burden of Proof: Preponderance of The Evidence)

<mark>Plaintiff Anthony Carmona has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Carmona has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.</mark>

Plaintiff objects that this instruction mischaracterizes the burden under Texas law.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 3.2 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

                                              _____
                                                       U.S. DISTRICT JUDGE

Plaintiff's proposed instruction:

      The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

**<u>PJC 1.3 (not agreed)</u>**

**Defendant's Proposed Instruction No. 6**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness

SOURCE: Fifth Circuit Civil Pattern Jury Instructions—Civil 3.4 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendants' Proposed Instruction No. 9**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it

SOURCE: Diamond Modern Federal Jury Instructions-Civil 3.5 (2022). NOTE: 5th Circuit is the same

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendants' Proposed Instruction No. 12  (**Consider Damages Only If Necessary)

If Plaintiff Anthony Carmona has proved his claim against Steven Forrest and Freer Trucking by a preponderance of the evidence, you must determine the damages to which Mr. Carmona is entitled. You should not interpret the fact that I am giving instructions about Mr. Carmona's damages as an indication in any way that I believe that Mr. Carmona should, or should not, win this case. It is your task first to decide whether Steven Forrest is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Steven Forrest is liable and that Mr. Carmona is entitled to recover money.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 15.1 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendants' Proposed Instruction No. 7**

If you find that Steven Forrest is liable to Mr. Carmona, then you must determine an amount that is fair compensation for all of Mr. Carmona's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Mr. Carmona whole—that is, to compensate Mr. Carmona for the damage that he has suffered.

If Mr. Carmona wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Steven Forrest's wrongful conduct. You may award compensatory damages only for injuries that Mr. Carmona proves were proximately caused by Steven Forrest's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Mr. Carmona's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Steven Forrest and Freer Trucking.

You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Carmona has actually suffered or that Mr. Carmona is reasonably likely to suffer in the future. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Mr. Carmona prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

Mental anguish in the past, reasonable and necessary costs for medical care and treatment in the past, physical impairment in the past, and physical pain and suffering in the past.

SOURCE: Fifth Circuit Pattern Civil Jury Instruction 15.2.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

**Defendants' Proposed Instruction No. 7**

You may award damages for any bodily injury that Plaintiff Anthony Carmona sustained and any pain and suffering, disfigurement, mental anguish, reasonable and necessary medical expenses, and physical impairment that Mr. Carmona experienced in the past as a result of the bodily injury.

No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Mr. Carmona for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 15.3 (2020).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

### Defendants' Proposed Instruction No. 9

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SOURCE: Fifth Circuit Pattern Jury Instructions – Civil, Instruction No. 3.7 (2014).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE

# DEFINITIONS

"**NEGLIGENCE**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**ORDINARY CARE**" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"**PROXIMATE CAUSE**" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

A fact may be established by direct evidence or by circumstantial evidence or by both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from the other acts proved.

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. ANTHONY CARMONA    _____

b. STEVEN FORREST    _____

If you have answered "Yes" to Question No. 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to anyone named below is not necessarily measured by the number of acts or omissions found.

## QUESTION NO. 2

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

 c. ANTHONY CARMONA _____

 d. STEVEN FORREST _____

 Total            100  %

If you have answered "Yes" to Question No. 1 for Defendant Steven Forrest, and either answered "No" to Question No. 1 as to Plaintiff Anthony Carmona <u>or</u> answered 50% or less to Question No. 2 as to Plaintiff Anthony Carmona, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. <u>3</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Anthony Carmona for his injuries, if any, that were proximately caused by the negligence of Defendant Steven Forrest?

==In answering this question, you are instructed to consider only evidence relating to medical conditions diagnosed on or before May 8, 2019, and to award only damages for medical conditions diagnosed on or before May 8, 2019.==

==You are instructed that the parties stipulate that, at the time of the accident, Steven Forrest was Freer Trucking, Inc.'s employee and acting in the course and scope of his employment. However, the parties do *not* stipulate that Steven Forrest was negligent in causing the subject accident, nor that the alleged negligence of Steven Forrest proximately caused all the injuries claimed by Anthony Carmona in this lawsuit. That is for you to decide.==

==ial "Proximate cause" means a cause that was a substantial factor in bringing about the injuries in question, and without which cause such injuries would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injuries, or some similar injury, might reasonably result therefrom.==

<span style="color:red">Plaintiff objects to the highlighted portion as it not a part of the pattern charge. (Not Agreed)</span>

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Plaintiff. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

1. Reasonable and necessary medical expenses sustained in the past.

    Answer: _____

2. Physical pain and mental anguish sustained in the past.

    Answer: _____

3. Physical impairment sustained in the past.

    Answer:_____

<span style="color:red">Plaintiff's Proposed (Not agreed):</span>

<span style="color:red">4. Physical impairment that in reasonable proability, Plaintiff will sustain in the future.</span>

    <span style="color:red">Answer:_____</span>

<span style="color:red">5. Medical expenses that, in reasonably probability, Plaintiff will sustain in the future.</span>

    <span style="color:red">Answer:_____</span>

<span style="color:red">6. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future.</span>

    <span style="color:red">Answer:_____</span>

<span style="color:red">7. Disfigurement in the past.</span>

    <span style="color:red">Answer:_____</span>

<span style="color:red">8. Disfigurement, that in reasonable probability, Plaintiff will sustain in the future.</span>

    <span style="color:red">Answer:_____</span>

<span style="color:red">9. Loss of earning capacity in the past.</span>

    <span style="color:red">Answer:_____</span>

SOURCE: Texas PJC 28.3.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

                                              _____
                                                                U.S. DISTRICT JUDGE

## Defendants' Proposed Instruction No. 15

Thank you for your verdict.

I have told you that the only time you may discuss the case is with the other jurors in the jury room. I now release you from jury duty. Now you may discuss the case with anyone. But you may also choose not to discuss the case; that is your right.

After you are released from jury duty, the lawyers and others may ask you questions to see if the jury followed the instructions, and they may ask you to give a sworn statement. You are free to discuss the case with them and to give a sworn statement. But you may choose not to discuss the case and not to give a sworn statement; that is your right.

SOURCE: Texas PJC 1.5 (2020)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____
U.S. DISTRICT JUDGE